IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIN TOWNSEND, #167013, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-738-MHT |
| | ) |
| DEPT. OF CORRECTIONS AT KILBY | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Kelvin Townsend ("Townsend"), an indigent state inmate, alleging a violation of his Eighth Amendment rights with respect to the denial of a mattress for one night upon his arrival at the Kilby Correctional Facility.  Specifically, Townsend maintains that he entered Kilby at approximately 11:20 a.m. on August 19, 2016 but did not receive a mattress until the following night, causing him to sleep on a steel bed in the meantime. Doc. 2-5 at 1.

Upon a thorough review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Townsend leave to proceed *in forma pauperis* on October 25, 2016 (Doc. 7).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  Immunity

In this case, Townsend names the Department of Corrections at Kilby Correctional Facility as the sole defendant.  The law is well-settled that the State of Alabama and its agencies, including the Alabama Department of Corrections, are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that, unless the State or its agency consents to suit, the plaintiff cannot proceed against this defendant because the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable"). Consequently, the claims lodged against the Alabama Department of Corrections are frivolous and "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the claims presented against the named defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Claim for Relief

Even if Townsend had named a proper defendant, his claim regarding denial of a mattress for one night fails to present a claim of constitutional magnitude.  In *Alfred v. Bryant, et al.*, 378 F. App'x 977 (11th Cir. 2010), the Eleventh Circuit, relying on *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985), affirmed the district court's summary dismissal of an inmate's complaint challenging his "stay in [a] cell without a mattress and a properly functioning toilet for eighteen days."  The relevant portion of the *Alfred* opinion reads as follows:

> Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency.  *See Hamm*, 774 F.2d at 1575–76.  [T]he lack of a mattress [and sleeping on a steel bed, even when viewed in conjunction with

2

> a malfunctioning toilet, was] not "sufficiently serious to violate the Eighth Amendment." *See Chandler*, 379 F.3d at 1289. Moreover, none of Alfred's purported physical and mental injuries (i.e., stiffness, lower back pain, headaches, vomiting, constipation, grief, anxiety, distress, and fear) indicate that the challenged prison conditions constituted "an unreasonable risk of serious damage" to his health or safety. *See id*. (quotation marks and citation omitted).

*Alfred*, 378 F. App'x at 979–80. The Court further noted that although it "need not reach the subjective prong . . . given our conclusion that the lack of mattress and a fully functioning toilet did not pose an unreasonable risk of serious injury to Alfred, the [defendants] could not have drawn the requisite inference that 'a substantial risk of serious harm existed.'" *Id*. at 980 n.1 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1995)).

In light of the foregoing, Townsend's claim that he was denied a mattress for approximately thirty hours and forced to sleep on a steel bed for one night does not rise to the level of an Eighth Amendment violation and is therefore due to be dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Alfred*, 378 F. App'x at 980.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Objections to the Recommendation may be filed on or before **November 15, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of November, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE